## BENNETT v. PHILLIPS.

1. **Attorney**: SPECIAL CONTRACT. Where the evidence produced did not tend to show that there was a special contract of hiring an attorney for a special purpose, as alleged, the jury were properly directed to return a verdict for the defendant.

*Appeal from Polk Circuit Court.*

TUESDAY, OCTOBER 25.

In the month of January, 1875, B. F. Allen, a banker at Des Moines, Iowa, closed the doors of his banking house and stopped the payment of claims against him. Shortly afterward his creditors filed their petition in bankruptcy against him in the U. S. District Court, and in April of the same year he was in said court duly adjudged a bankrupt. The plaintiff herein held Allen's certificates of deposit for several thousand dollars. On February 8th he delivered the same to Phillips & Phillips,

a law firm of which William Phillips, the defendant, was a member, and took a receipt for them in which it was recited that they were received " to file against the estate of B. F. Allen, bankrupt, as is alleged, and to obtain any dividend that may be allowed on same."

The certificates were filed by Phillips & Phillips, and Allen filed a petition for a discharge which was set for hearing December 3, 1875. The defendant William Phillips, in behalf of the plaintiff and other creditors appeared in resistance to the discharge, and fifteen days were given to file specifications in opposition to the discharge. On the 4th day of December, 1875, the opposition to the discharge was withdrawn and on December 6th an order of discharge was entered.

The plaintiff claims that the defendant's contract of employment bound him at all events to resist the discharge, and that he withdrew the resistance without the plaintiff's knowledge, and for this violation of the alleged contract damages are claimed.

Issue having been taken on the averments of the petition a jury was impaneled and the evidence in behalf of plaintiff having been introduced, the defendant moved the court to direct the jury to return a verdict for the defendant. The motion was sustained and the plaintiff appeals.

*Baylies & Sickmon*, for appellant.

*Barcroft, Gatch & McCaughan*, for appellees.

ROTHROOK, J.—There are charges made in the petition that the defendant was moved by corrupt motives to withdraw the

1. ATTORNEY : opposition to Allen's discharge, and evidence was
special con-
tract.        offered which it is claimed tends to support the charge. This is dwelt upon in a printed argument, and was elaborately discussed by appellant's counsel in an oral argument. In the view we take of the case no further reference need be made thereto here.

The fullest latitude was given to the plaintiff to prove the special contract alleged—that is, that the defendant was employed to resist Allen's discharge, and a careful examination of the evidence as contained in the abstracts, filed by the respective parties, satisfies us that there was no evidence tending to show such a contract. It is true the plaintiff testified that the defendant said he could keep Allen from getting his discharge, and that the plaintiff said to " go ahead and do the best he could for him—that was all right, and what the plaintiff wanted." This is about as near as the evidence tended to show the special contract alleged. In the same connection, however, the plaintiff testified as follows: " I always told William Phillips (defendant), when I employed him to tend to anything, to use his own judgment, you know. I told him I didn't want to throw away good money for bad money." Without a further repitition of the testimony it is sufficient to say that its whole tenor was to the effect that the plaintiff put the certificates of deposit in the hands of Phillips & Phillips for collection, with the understanding and agreement that they were to use their judgment as to the steps necessary to be taken to effect the object.

The plaintiff having failed to produce evidence tending to show that there was a special contract as alleged, that is, that he hired the defendant to resist the discharge, the case was properly taken from the jury. We might say further, however, that a claim for damages for the breach of such a contract, in the face of the facts as shown by the evidence that some six hundred creditors of Allen were clamoring for the payment of over two millions of dollars, and the gross assets of the estate did not exceed $350,000, would to say the least, be somewhat remote.

AFFIRMED.